UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**GRAYWOOD RETIREMENT L L C**          CASE NO.  2:22-CV-03191

**VERSUS**                              JUDGE JAMES D. CAIN, JR.

**FIREMANS FUND INSURANCE CO**          MAGISTRATE JUDGE LEBLANC

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 33] filed by defendant Fireman's Fund Insurance Company ("FFIC"). Plaintiff Graywood Retirement, LLC ("Graywood") opposes the motion in part. Doc. 39.

## I.
### BACKGROUND

Graywood is the owner of The Verandah at Graywood ("The Verandah"), a retirement, assisted living, and memory care community in Lake Charles, Louisiana. At all relevant times to this lawsuit the Verandah was insured by FFIC under Policy No. USC020537200. The Verandah sustained extensive damage as a result of Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. Graywood asserts that FFIC failed to timely or adequately compensate it for covered losses. It filed suit in state court, raising claims of breach of insurance contract and bad faith. FFIC removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. The matter is set for jury trial before the undersigned on June 24, 2024. Doc. 17.

FFIC now brings this omnibus motion in limine, seeking to exclude evidence, argument, or mention of the following:

1. Insurance limits remaining under the policy or premiums paid for the policy
2. Application of the Named Storm deductible under the policy or how that application would be affected by the jury's finding that the claimed damages were caused by Hurricane Delta
3. Mental impressions, mental anguish, mental capacity, or mental state of Graywood and/or its owners or any other language calculated to have the jury assess damages based on an emotional response
4. The size of FFIC's business, FFIC's financial wherewithal or worth, the value of FFIC's assets, and FFIC's financial status in relation to another party, person, business, or entity
5. The ability of FFIC to investigate a claim, defend a lawsuit, or satisfy a judgment, including any allegation or representations concerning FFIC's financial wealth and resources
6. The fact that FFIC is a company, as opposed to a natural person
7. Settlement offers, negotiations, or the absence of settlement negotiations
8. "Golden Rule" statements
9. "Conscience of the community" arguments
10. Unrelated litigation involving FFIC
11. Awards made in other cases

12. Statements indicating that a juror would never want to put himself in plaintiff's position, since this is an indirect application of the Golden Rule

13. That a preponderance of the evidence means 51 percent of the evidence

14. That plaintiff's recovery will be shared with attorneys or that they have incurred expenses in bringing this suit

15. That the jury should "send defendants a message" or otherwise base their verdict on an emotional response

16. Showing exhibits, including demonstrative exhibits, without first being admitted by the court and shown to opposing counsel

17. Any "mention, insinuation, suggestion, implication, or . . . attempt, in the presence of the jury, to seek or request FFIC's attorneys to produce documents, to stipulate to any fact, to stipulate to the admissibility of any evidence, or to make an agreement."

18. Any statement of the law, other than the burden of proof and basic legal definitions, before the court rules on the law applicable to the case

19. Any indication that the district court or appellate court can modify the jury's award

20. Any direct address to the jury, except during opening and closing arguments and voir dire

21. Any statements or appeals to the jury invoking it as the "conscious of the community" [*sic*]

22. Any insinuations that plaintiff is under a financial burden

23. Any attempt during voir dire or opening statement to detail evidence the plaintiff intends to offer, without the court having an opportunity to rule on admissibility

24. Any reference or suggestion to the jury that FFIC or its agents, employees, or attorneys are in the habit of doing something, unless that habit is establishing by competent evidence

25. Any inquiry to the jurors of their connections with the insurance industry

26. Any evidence relating to the setting or changing of the amount of reserves

27. Any reference to certain inflammatory terms such as "callous insurance company," "refute your claim," "insurance company will leave you high and dry," "abandoning our state," "misrepresenting their policy," and the like.

28. Any reference to punitive damages being used to punish FFIC

29. Any statement or insinuation that plaintiff has no insurance to compensate it for the damages claimed in this proceeding

30. Any mention of the limits of liability and the amount of coverage available under FFIC's policy

31. Any reference or comments regarding the personal opinions of counsel as to the justness of plaintiff's cause, or their feelings about FFIC or insurance companies in general

32. References to absent witnesses under the "uncalled witness" rule

33. Mention of this motion or the court's rulings in response

Additionally, FFIC requests:

    34. That all counsel "instruct and advise their clients, witnesses, and experts as to the rulings of the Court regarding this Omnibus Motion in *Limine*."

Doc. 33. Plaintiff has no objection as to Requests 6, 10, 11, 14, 16, 17, 19, 20, 22, 23, 24, 26, 32, 33, and 34, but opposes the motion in all other respects. Doc. 39.

## II.
## LAW & APPLICATION

### A. Legal Standard

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863

(M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

### B. Application

At the outset, the court notes that FFIC's motion is a form one that is mostly devoid of any specific connection to the facts of this case. It is also repetitive, partially based on self-evident points of law and partially based on conjecture with no case law offered in support until the reply brief. "The purpose of motions in limine is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence." *Griffin v. REC Marine Logistics LLC*, 2023 WL 1965428, at *3 (M.D. La. Feb. 13, 2023); *see also Davis v. Carnival Corp.*, 2022 WL 18956176, at *3 (S.D. Fla. Oct. 12, 2022) ("Motions *in limine* should not be used to ensure that rules of court are enforced. . . . [H]andling these issues at trial is more efficient and saves judicial resources.") (cleaned up). Additionally, "[i]t is well settled that motions in limine are disfavored." *Thibodeaux v. T-H Marine Supplies, LLC*, 2023 WL 3562975, at *1 (M.D. La. May 19, 2023) (quoting *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996)). Given this status, the court is concerned that FFIC would not put more care into narrowing its requests and addressing, with greater support, the specific matters likely to be at issue in this trial.

### 1. Request 1: Statements regarding premiums paid or limits remaining under policy

FFIC first requests that the court exclude any mention of premiums paid or remaining limits under the policy. It cites no authority for this exclusion, and the court

notes that the amount of limits remaining is potentially relevant to FFIC's contractual liability. Accordingly, the motion is **DENIED** in this respect.

## 2. Request 2: Application of the named storm deductible and how the deductible would be affected by the jury's finding that some of the damages were caused by Hurricane Delta

This issue was addressed in the parties' cross-motions for summary judgment. As Graywood notes, FFIC is invoking a second named storm deductible as predicate for its refusal to pay for certain supplemental repairs. The court has ruled that FFIC must prove at trial which costs are subject to that deductible. *See* doc. 36, pp. 5–10. Accordingly, the motion is **DENIED**.

## 3. Request 3: Reference to the mental impressions, mental anguish, mental capacity, or mental state of plaintiff and its owners

Graywood objects to this request as overly broad. Graywood, as a limited liability company, may not recover for damages for mental anguish or emotional distress. *One River Place Condominium Ass'n, Inc. v. Axis Surplus Ins. Co.*, 629 F.Supp.2d 613, 617 (E.D. La. 2009). But some testimony as to the mental impressions of plaintiff's employees may be relevant to establishing FFIC's claims handling practices and whether it was in bad faith. Accordingly, the court agrees that the request is overly broad and the motion is **DENIED** in this regard.

## 4. Request 4: Reference to FFIC's size or financial value

Graywood objects to this request, on the basis that a defendant's financial assets may be relevant to determining punitive damages. *Jackson v. Wilson Welding Service, Inc.*,

2011 WL 5024360 (E.D. La. Oct. 20, 2011); *U.S. E.E.O.C. v. Denham Springs Pub. Co.*, 2012 WL 262268, at *2 (M.D. La. Jan. 27, 2012). However, the penalty under the bad faith statutes raised here is statutory. *See* La. Rev. Stat. §§ 22:1892, 1973. Additionally, evidence of FFIC's financial condition may serve as a backdoor for conscience of the community type arguments seeking to emphasize its status as an outsider and a comparatively wealthy national organization. The motion will be **GRANTED** in this regard.

5. **Request 5: References to FFIC's financial wealth and ability to investigate a claim**

Graywood objects to this request for the same reasons set forth above. The motion is **GRANTED** in this regard for the same reasons.

6. **Request 7: References to settlement offers, negotiations, or the absence of settlement offers**

Graywood agrees that Federal Rule of Evidence 408 generally prohibits the introduction of such evidence, subject to the exceptions laid out in Rule 408(b). It objects to the request, however, to the extent it would exclude evidence of whether FFIC has made a reasonable effort to settle the claims at issue, which is relevant to Graywood's claims under Louisiana Revised Statutes 22:1973(A). As the Advisory Committee notes to Rule 408 recognize, the rule is inapplicable "when compromise evidence is offered for a purpose other than to prove the validity, invalidity, or amount of a claim." Fed. R. Evid. 408, adv. comm. notes (2006 amendment); *see Athey v. Farmers Ins. Exchange*, 234 F.3d 347 (8th Cir. 2000) (evidence of settlement offer by insurer was properly admitted to prove insurer's bad faith). The court cannot determine yet whether such evidence may be offered without

bearing on the validity or invalidity of the claim, in violation of Rule 408. Accordingly, the motion will be **DEFERRED** in this regard.

7. **Request 8: Golden Rule arguments**

Graywood objects to this request only as it relates to the issue of liability. As this court has noted, the Fifth Circuit's prohibition on Golden Rule arguments applies to damages but not to liability. *Lopez v. Old Colony Ins. Svcs., Inc.*, 2023 WL 5761317, at *3 (W.D. La. Sep. 6, 2023) (citing *Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983)). Accordingly, the motion will be **GRANTED** as to Golden Rule arguments relating to damages but otherwise **DENIED**.

8. **Request 9: Conscience of the community arguments**

Graywood objects that this request is overbroad, arguing that it may "ask the jury to send a message with respect to [its] request for punitive damages." *Williams v. McDermott Int'l Inc.*, 2022 WL 1664552, at *3 (May 25, 2022). But, as noted above, the punitive damages in this matter are set by statute based on either the unpaid amount of the claim or consequential damages to plaintiff from the insurer's failure to pay. Any argument invoking outside factors would be improper. Accordingly, the motion is **GRANTED** in this regard.

9. **Request 12: Statements that a juror would never want to put himself in plaintiff's shoes, since this is an indirect application of the Golden Rule**

Graywood objects to this request on the same basis as Request 8, above. Because the prohibition on Golden Rule arguments does not apply to liability, the court **GRANTS** this request only as to damages but **DENIES** it as to liability.

10. **Request 13: Statements or insinuations that a preponderance of the evidence equals 51 percent of the evidence**

Graywood objects to this request as premature. The court agrees that the issue is best addressed through proposed jury instructions and reminds the parties that the court will instruct the jury on the applicable law, using pattern Fifth Circuit jury charges where applicable. Accordingly, this request is **DENIED**.

11. **Request 15: Indications that the jury should "send defendants a message" or otherwise base their verdict on an emotional response**

Graywood objects to this request as overbroad, for the same reasons it opposed Request No. 9. For the same reasons, the court **GRANTS** the request.

12. **Request 18: Any statement of law, other than the burden of proof and basic legal definitions, before the court rules on the law applicable to the case**

Graywood objects to this request as speculative and overbroad. The court agrees; the term "basic legal definitions" is susceptible to multiple interpretations and may unnecessarily restrain a party or, on the other hand, give it too much license to begin defining terms for the jury. Accordingly, the request is **DENIED** without prejudice to either party's right to raise specific objections at trial.

13. **Request 21: Any statements or appeals to the jury invoking it as the "conscious of the community" [*sic*]**

Graywood objects to this request as improper and overbroad for the same reasons addressed in Requests 9 and 15. But there is no exception as to liability for conscience of the community arguments. Instead, the Fifth Circuit has repeatedly emphasized that such

arguments are improper. *E.g.*, *Westbrook v. Gen. Tire and Rubber Co.*, 754 F.2d 1233, 1238 (5th Cir. 1985) ("Such argument is an improper distraction from the jury's sworn duty to reach a fair, honest and just verdict according to the facts and evidence presented at trial."). Accordingly, the motion is **GRANTED** in this regard.

14. **Request 25: Questions as to jurors' connections to the insurance industry**

FFIC objects, without authority, to any objections to jurors' connections to the insurance industry. It maintains that information that may occasion a strike or challenge for cause can be discerned from the jury information sheets. But these sheets provide only basic demographic information and do not include the employment history of a prospective juror's immediate family members or any indirect connections a prospective juror may have had to the industry in her employment. Such information is relevant to either side's ability to fairly make challenges for cause or allot its peremptory strikes. Accordingly, the motion is **DENIED** in this regard.

15. **Request 27: Reference to certain inflammatory terms such as "callous insurance company," "refute your claim," "insurance company will leave you high and dry," "abandoning our state," "misrepresenting their policy," and the like.**

Graywood objects to this request because it is based solely on hypotheticals and because Graywood has never evinced an intention or tendency to use "inflammatory statements," including the specifics referenced in FFIC's request. The court agrees that no prior restraint is necessary and counts on both sides to maintain professional decorum. Accordingly, the motion is **DENIED** in this regard.

16. **Request 28: Any reference to punitive damages being used to punish FFIC**

Graywood objects to this request to the extent that the statutes under which it seeks penalties are punitive in nature. The court agrees that plaintiff may reference the penalties under statute and declines to place any prior restraint on its argument, other than the prohibitions on Golden Rule and conscience of the community arguments described above. Accordingly, the motion is **DENIED** in this regard.

17. **Request 29: Any statement or insinuation that plaintiff has no insurance to compensate it for the damages claimed in this proceeding**

Graywood objects to this request, noting that FFIC has failed to show that the information is "clearly inadmissible on all potential grounds." The court agrees that it cannot determine the relevance of the information or its potential to prejudice, mislead, or confuse the jury without further context. Accordingly, the motion is **DENIED** in this regard.

18. **Request 30: Limits of liability and amount of coverage available under the policy**

This request is duplicative of Request 1 and **DENIED** for the same reasons.

19. **Request 31: Personal opinions of counsel**

Graywood objects to this request as overbroad and based solely on hypotheticals, adopting its opposition to Request 27. For the same reasons, the court **DENIES** this request.

## III.
### Conclusion

For the reasons stated above, **IT IS ORDERED** that the Motion in Limine [doc. 33] be **GRANTED** as to Request Nos. 4, 5, 6, 9, 10, 11, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 26, 32, 33, and 34; **DEFERRED** as to Request 7, **GRANTED IN PART** and **DENIED IN PART** as to Requests 8 and 12, and **DENIED** as to Requests 1, 2, 3, 13, 18, 25, 27, 28, 29, 30, and 31. Accordingly, counsel are directed to instruct and advise their clients, witnesses, and experts as to the court's rulings.

**THUS DONE AND SIGNED** in Chambers on the 10th day of June, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**